IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Ricky R. Schuh, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Governor Doug Burgum; et al., | ) | |
| | ) | Case No. 1:22-cv-026 |
| Defendants. | ) | |

On March 4, 2022, Plaintiff Ricky R. Schuh ("Schuh"), a prisoner at the North Dakota State Penitentiary, filed a document captioned "memorandum in favor of waiver of exhausted remedies persuant with 42 U.S.C. § 1997e(b), <u>Failure of a state to adopt or adhere to an administrative grievance procedures</u>." (Doc. No. 5) (errors and emphasis in original). Therein, he requests the court to preemptively address the Prison Litigation Reform Act's ("PLRA") exhaustion requirement as it may apply to the above-captioned action.

Congress enacted the PLRA to address the problems created by the large number of federal prisoner lawsuits. Among other reforms, the PLRA requires that prisoners exhaust prison grievance procedures before filing suit. 42 U.S.C. § 1997e(a); <u>See</u> <u>Jones v. Bock</u>, 549 U.S. 199, 216–17 (2007) ("<u>Jones</u>"). The PLRA's exhaustion requirement reads as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The Supreme Court has concluded that: (1) § 1997e(a) requires "proper exhaustion," *i.e.*, prisoners must complete the administrative process in accordance with the procedural rules set forth

1

by the prison before suing, Woodford v. Ngo, 548 U.S. 81, 88 (2006); (2) prisoners must exhaust available administrative remedies even if they do not provide for the exact relief the prisoners want to sue for, Booth v. Churner, 532 U.S. 731, 121 (2001); and (3) failure to exhaust is an affirmative defense that must be pled and proved by the defendant, Jones, 549 U.S. at 216–17.

Here, the court only recently completed its initial review of Schuh's complaint and directed the Clerk's office to effectuate service on theremaining defendants. (Doc. No. 26). Consequently, the remaining defendants have not yet had an opportunity to plead anything. As the court is not inclined to preemptively address the propriety of an affirmative defense that has yet to be asserted, Schuh's request (Doc. No. 5) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 23rd day of May, 2022.

/s/ Clare R. Hochhalter
Clare R. Hochhalter, Magistrate Judge
United States District Court